UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CIRCLE Y OF YOAKUM, TEXAS,<br><br>                    *Debtor.* | Chapter 7<br><br>Case No 03-12465 (MFW) |
| JEOFFREY L. BURTCH,<br>CHAPTER 7 TRUSTEE,<br><br>                    *Plaintiff,*<br><br>v.<br><br>STEPHEN G. DENT,<br><br>                    *Defendant.* | Adv. Pro. No. 05-52254 (MFW) |

**STEPHEN G. DENT'S MOTION TO WITHDRAW**
**THE REFERENCE TO THE BANKRUPTCY COURT**

Pursuant to 28 U.S.C. § 157(d), Stephen G. Dent ("Dent"), by and through counsel, files this Motion to Withdraw the Reference to the Bankruptcy Court, seeking an order to withdraw the reference to the United States Bankruptcy Court for the District of Delaware, and states as follows:

**The Parties and Procedural Background**

1. The Debtor filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on August 7, 2003 (the "Petition Date").

2. On August 20, 2003, Jeoffrey L. Burtch was appointed Chapter 7 trustee (the "Trustee").

3. On August 5, 2005, Plaintiff filed this action seeking to recover almost $250,000 (the "Original Complaint"). Among other causes of action, plaintiff asserted a

preference claim under section 547 of the Bankruptcy Code. Plaintiff also asserted a state law fraudulent transfer claim, which is a non-core claim.

4. On December 1, 2005, the Debtor served the Original Complaint on Dent.

5. On December 2, 2005, Plaintiff filed and served an Amended Complaint seeking to recover an additional $200,000.

6. Dent has not filed a proof of claim against the Debtor in the Debtor's bankruptcy action.

7. On January 27, 2006, Dent filed a Partial Motion to Dismiss, Memorandum in Support of Partial Motion to Dismiss, and Demand for Jury Trial.

8. Also on January 27, 2006, Dent filed a Motion for a Determination of Core/Non-Core Status, pursuant to Local Rule 5011-1.

## Dent has a Right to a Jury Trial

9. The Seventh Amendment provides, in part: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "Suits at common law" has been interpreted to mean actions involving legal rights. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3rd Cir. 1994) (*citing, Granfinanciera, S.A. v. Norberg*, 492 U.S. 33, 41 (1989)). In contrast, there is no right to a jury trial on equitable claims. *Id.* A preference action is a legal action to which the right of a jury trial attaches. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1991) ("...the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer."). Therefore, there can be no question that the right to a jury trial is preserved in this preference action. *NDEP Corp. v. HANDL-IT, Inc.*, 203 B.R. 905, 908-09 (D.Del. 1996). Moreover, Dent has not waived his right to a jury trial by submitting a claim against the estate. *See, Billing*, 22 F.3d at 1247-48; *Travellers International, A.G. v. Robinson*, 982 F.2d 96, 98-99 (3rd Cir. 1992); *Goldin v. K-Swiss, Inc.*, 2002 WL 550035 (Bankr. D. Del.).

**The Reference Should Be Withdrawn**

10. Section 157(d) provides, in relevant part, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section...on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. The statute does not define "a timely motion." However, courts have held that the motion should be filed at the first reasonable opportunity, taking into consideration the circumstances of the proceeding. *Schlein v. Golub*, 188 B.R. 13, 14-15 (E.D.Pa 1995). Here, the motion is being filed shortly after the service of the Original and Amended Complaints and contemporaneously with Partial Motion to Dismiss. Thus, the motion has been timely filed. *See, NDEP Corp.*, 203 B.R. at 907 (motion filed eleven weeks after the complaint was filed was considered timely).

12. The statute also does not explain "cause." Courts, however, have set out some standards to consider when determining whether "cause" exists. *Id.* at 907-08. One such factor is whether a party has requested a jury trial. *Id.* at 908. Most courts that have been presented with a motion to withdraw the reference, where a jury demand has been made (and not been waived) have held that the demand constitutes sufficient cause for withdrawal of the reference. *See, K-Swiss*, at *2 (the trustee "correctly asserts that most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference"). Thus, here, as in *K-Swiss*, "cause" exists for the withdraw of the reference and the motion should be granted.

13. Section 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e). Dent does not consent to a jury trial in the bankruptcy court and therefore requests that the reference be withdrawn.

WHEREFORE, Dent prays for an order withdrawing the reference, and for all other relief this Court deems just and proper.

January 27, 2006                                          Respectfully submitted,

                                                          SMITH, KATZENSTEIN & FURLOW LLP

                                                          By: _____
                                                          Kathleen M. Miller (ID No. 2898)
                                                          800 Delaware Ave.
                                                          Wilmington, DE 19899
                                                          302-652-8400

                                                          and

                                                          Michael J. Tuteur
                                                          Erica Templeton Spencer
                                                          Foley & Lardner LLP
                                                          111 Huntington Avenue
                                                          Boston, Massachusetts 02199
                                                          617-342-4000

                                                          Attorneys for Stephen G. Dent

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of **January 2006**, a copy of the foregoing *Stephen G. Dent's Motion to Withdraw The Reference to the Bankruptcy Court* was served on the following by hand delivery:

>George R. Tsakataras, Esq.
>COOCH and TAYLOR
>824 Market Street
>Suite 1000
>P.O. Box 1680
>Wilmington, Delaware 19899-1680

/s/ Kathleen M. Miller

10009618.WPD

TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**Adversary Case #:** 05-52254 (MFW)
**Related Bankruptcy Case #:** 03-12465 (MFW)
**District Court Civil Action#:**

| | |
|---|---|
| **Deputy Clerk Transferring Case:** | Sandra D. Jackson |
| **Case Type:** | Adversary |
| **Nature of Suit:** | (454-Recover Money/Property) |
| <u>**Cause of Transmittal:**</u> | <u>(i.e. Order)</u> |
| **Parties:** | <u>**Jeoffrey L. Burtch v. Stephen G. Dent**</u> |
| <u>**Plaintiff's Counsel:**</u> | George R. Tsakataras<br>Cooch and Taylor<br>824 N. Market Street<br>Suite 100, P.O. Box 1680<br>Wilmington, DE 19899<br>302-652-3641<br>Fax : 302-652-5379<br>Email: gtsakataras@ctlaw.org |
| <u>**Defendant's Counsel:**</u> | Kathleen M. Miller<br>Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue<br>P.O. Box 410<br>Wilmington, DE 19899<br>usa<br>302 652-8400<br>Fax : 302-652-8405<br>Email: kmiller@skfdelaware.com |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

Clerk of Court

824 Market Street
Wilmington DE 19801
(302) 252-2900

Date: 5/17/06

To: Peter Dalleo, Clerk
U. S. District Court
U. S. Courthouse
Wilmington DE 19801

Re: **Jeoffrey L. Burtch v. Stephen G. Dent**

Bankruptcy Case #: 03-12465 (MFW)
Adversary Case#: **05-52254 (MFW)**

Enclosed is the pdf attachments regarding a Motion to Withdraw the Reference filed in the above adversary case along with relating documents. Please receipt and return.

Sincerely,

**David Bird, Clerk**

By: _____
Deputy Clerk

I hereby acknowledge receipt of the above Record on Withdrawal of Reference this _____ day of _____, 2006..

By:_____
Deputy Clerk, U.S. District Court

withdrawal.wpd